BYRN *v.* BLACKMAN.

(*Nashville.*   March 16, 1895:)

GARNISHMENT.   *How effected.*

Garnishment of the effects, other than money dues, of a debtor
cannot be effected by taking personal money judgment against
the garnishee having possession of the property for the plain-
tiff's debt.   Such judgment is void as against creditors who,
by subsequent valid proceedings, successfully impound the
debtor's effects in the hands of the garnishee.

Code construed:   §§ 3803, 3805 (M. & V.); §§ 3090, 3092 (T. & S.).

Case cited and approved:   Barrett *v.* Thomas, Thompson's
Cases, 67.

FROM RUTHERFORD.

Appeal in error from Circuit Court of Rutherford
County.   ROBERT CANTRELL, J.

McLEMORE & RICHARDSON for Byrn.

P. P. MASON for Blackman.

McALISTER, J.   This cause involves the validity
of certain garnishment proceedings.   Plaintiff claims
he is entitled to payment in full of his debt out of
a note belonging to his judgment debtor.   The de-
termination of this question depends upon the in-
quiry whether or not the note in controversy had

already been impounded by other judgment creditors of the common debtor.

One A. J. Blackman was the common debtor, and these several judgment creditors sought by garnishment to subject to the payment of their judgments a certain note for the sum of $200, which Puckett and DeJarnette owed Blackman. It appears that Blackman had placed this note, for collection, in the hands of one D. J. Jackson, a Deputy Sheriff. Neilson & Sanders, on January 5, 1894, recovered a judgment before one Henry, a Justice of the Peace, against A. J. Blackman for the sum of $15.98. Execution issued, and was returned *nulla bona.* Thereupon, a garnishment notice was served upon Jackson, who answered, under oath, in writing, that he had in his hands, for collection, a note for $200, belonging to Blackman, and that it was due and unpaid, and had not been transferred. Whereupon, the Justice rendered the following judgment: "In this cause, the defendant, Jackson, answered that he had in his hands, for collection, one note belonging to A. J. Blackman for $200, given by W. E. Puckett, with R. D. DeJarnett as surety. I therefore give judgment for plaintiffs, Neilson & Sanders, and against the defendant, Jackson, for $80.71, subject to the payment of said note as above described, and for the costs of this suit, for which execution may issue. This January 22, 1894."

It further appears that, on January 18, 1894, the firm of Leach & Woods had also obtained a

judgment against Blackman, before the same Justice, for the sum of $64. Execution was returned *nulla bona*, and garnishment notice was served upon Jackson, who answered as in the last case. The Justice pronounced a similar judgment against the garnishee, with this addition, namely: "Subject to the payment of the above described note, and also first to the payment of judgment of Neilson & Saunders, this day rendered by me, they having prior claims. This January 22, 1894."

The plaintiff in the present action, C. H. Byrn, recovered a judgment against Blackman, before the same Justice, on January 22, 1894, for the sum of $165.30.

The note which Jackson held in favor of Blackman against Puckett and DeJarnett was reduced to judgment on January 25, 1894. The judgment of the Justice of the Peace was, viz.: "In this case I give judgment in favor of plaintiff, Blackman, against defendant, Puckett, principal, and DeJarnett, surety, for $226.60 and costs of suit, for which execution may issue; * * * but a portion, if not all, of said debt is captured by garnishment, etc., while in the hands of officer Jackson. This January 25, 1894."

The plaintiff, Byrn, who recovered his judgment on January 22, did not proceed by garnishment against Jackson, who held the note for collection, but against the payors of the note, the said Puckett, and DeJarnett. The garnishment notice required

Puckett and DeJarnett to appear and answer. respecting their indebtedness to Blackman on January 27, 1894. The garnishees answered that they had executed the note for $200 to A. J. Blackman; that they had been sued on the note, and that, on January 25, judgment had been rendered against them by the Justice for the sum of $226.60: They filed with their answer the note and warrant and entry of judgment, and answer that the judgment is unpaid, and that when the garnishment was served on them they had no notice of any transfer or attempted transfer of the judgment, and that they therefore owed the said $226.60 to Blackman. They state, however, in their said answer, that when Jackson, the Deputy Sheriff, ''served the warrant against us in the Blackman suit, he said he had some garnishment on the matter, but he did not show us any garnishment, nor leave any notice of the same with us.'' The answer was reduced to writing, signed, and sworn. Upon this answer the Justice of the Peace rendered the following judgment, viz.: ''In answer to the garnishee notice, the said Puckett and DeJarnett appeared and answered that they were indebted to A. J. Blackman by note of $200, and described a specific note, and that said note was put into judgment, and that they owe said judgment so rendered of $226 on the twenty-fifth of January, 1894, by M. M. Henry, Justice of the Peace. I now give judgment against the defendants, Puckett and DeJarnett, for $80.03, the same to be paid by

them to C. H. Byrn, and credited on original judgment against them, it being for the balance of said judgment of $226 as rendered on above described note, I taking judicial notice of the fact that, on January 22, 1894, two judgments were rendered by me against D. J. Jackson, garnishee—one in favor of Neilson & Saunders for $80.71; the other in favor of Leach & Woods for $65.86—the said Jackson having in his hands said note for collection, and said note has since gone into judgment, etc., against the said defendants, Puckett and DeJarnett. I now give above judgment in this case, believing that the said amount of judgments mentioned as against said D. J. Jackson impounded that much of said judgment rendered in favor of A. J. Blackman. This twenty-first of February, 1894."

From this judgment plaintiff, Byrn, appealed to the Circuit Court, where the cause was tried by the Court without a jury and the judgment of the Justice was affirmed. The Court adjudged that plaintiff was only entitled to impound $80.96 of the $226 judgment, holding that previous garnishment proceedings in favor of Neilson & Saunders and Leach & Woods had already reached and subjected the sum of $145 on said judgment. Plaintiff, Byrn, appealed and has assigned errors.

The principal assignment relied on in this Court is that the Circuit Judge erred in not rendering judgment in favor of Byrn against Pucket, and De-

Jarnett, garnishees, for the whole amount of plaintiff's judgment against Blackman.

It is insisted that the personal judgments against Jackson are void. The insistence is that whenever a garnishment proceeding discovers personal property other than a mere debt in the hands of the garnishee, the judgment should be that it be delivered up to be subjected to the satisfaction of original judgment. It is, of course, admitted that if the garnishee answer that he owes a debt to the judgment debtor, then, of course, a personal judgment may. be rendered against the garnishee, but if he answers that he has a horse or bacon, or other article of personalty, in his hands, then it is insisted that no personal judgment can be rendered against the garnishee.

Section 3803 (M. & V.) Code provides, viz.: "All property, debts, and effects of the defendant in the possession of the garnishee, or under his control, shall be liable to satisfy the plaintiff's judgment," etc., etc.

Section 3805: "If, upon the examination of the garnishee, it appears that he has property, debts, or effects in his hands or under his control liable for the plaintiff's debt, judgment may be entered and execution awarded for the property, money, or effects, as the case may be, or so much thereof as will be sufficient to satisfy the plaintiff's debt and costs," etc.

If the garnishee owes the judgment debtor a debt, then, under the provision of the Code, a personal

judgment may be rendered against him, but where it is shown the garnishee is simply in possession of property or effects belonging to the judgment debtor, judgment may be rendered and execution awarded for the property, money, or effects, as the case may be, or so much thereof as may be sufficient to satisfy the plaintiff's debt, etc.

In the case of *Barrett* v. *Thomas*, Thompson's Tennessee Cases, p. 67: "A garnishee answered before a Justice of the Peace that he had three hundred pounds of pork in his hands belonging to the defendant, whereupon the Justice rendered judgment against the defendant for the value of the pork. The garnishee did not appeal from this judgment within the time prescribed by law, but brought the case into the Circuit Court by *certiorari*, where the judgment of the Justice was quashed."

Judge McKinney said: "The judgment of the Justice of the Peace is void, and not merely erroneous. The Justice had no power to render a judgment for money. It should have ordered the pork to be delivered up for sale."

The only instance in which a personal judgment may be rendered against the garnishee is when he refuses to deliver up the property. This contingency is expressly provided for by § 3807 (M. & V.) Code, viz.: "So soon as the property is declared to be the property of the defendant, * * * it shall be delivered up to the officer serving the garnishment, on demand, and on failure to deliver the same, and

return made on the execution of that, judgment shall be entered immediately against the garnishee for the debt and costs." It is not claimed that any of the conditions prescribed by the last section, in order to warrant a personal judgment against the garnishee, appear in this record. There was no demand made for the note by the officer serving the garnishment, nor refusal by the garnishee to surrender it, nor an indorsement of that fact upon the execution, as required by the Act. It follows that, in the opinion of the Court, the personal judgment against Jackson, based upon the garnishment proceedings against him, was void, and interposed no obstacle in the way of a recovery by Byrn of the full amount of his judgment upon the garnishment answer of Puckett and DeJarnett.

Puckett and DeJarnett, the payors of the note, were not parties to the garnishment proceedings against Jackson, but were the only parties to the proceedings commenced by Byrn. They were the debtors of Blackman, and by their answer they fully admit their liability.

The judgment of the Circuit Court is reversed, and judgment will be entered here in favor of Byrn against Puckett and DeJarnett for the full amount of the judgment recovered by the former against Blackman, with interest and costs.